IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHINA LIFE INSURANCE COMPANY, as assignee of LERADO GROUP CO., LTD; LERADO GROUP (HOLDING) COMPANY, LTD.; LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD.; LERADO CHINA LIMITED; and LERADO H.K. LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>BABY TREND, INC.,<br><br>Defendant. | 8:18CV213<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendant's motion to dismiss for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), Filing No. 19. This is an action for breach of contract and indemnification that is related to *Ribeiro v. Lerado*, Case No. 12-CV-00204 (D. Neb.). That products liability action was dismissed following a settlement by all parties. *Id.*, Filing No. 849 (D. Neb. Dec. 28, 2017) ("the underlying litigation"). Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

I.  BACKGROUND

In its Complaint, plaintiff China Life Insurance Co. ("China Life") asserts that it is the assignee of Lerado Group Co., Ltd., Lerado Group (Holding) Company Ltd., Lerado (Zhong Shan) Industrial Co., Ltd., Lerado China Limited, and Lerado H.K. Limited (collectively, "Lerado"), all parties to the underlying litigation. It alleges it was the insurer for Lerado, which is a Chinese company that manufactures infant products, at all relevant times. It alleges it paid a settlement amount to the Ribeiro plaintiffs on Lerado's behalf,

and paid Lerado's attorney's fees and costs, in the underlying litigation. Lerado has assigned any and all claims and causes of action it may have against Baby Trend as a result of the underlying litigation to the plaintiff.

China Life seeks to recover from defendant, Baby Trend, under the indemnification clause in an original equipment manufacturer ("OEM") agreement between Lerado and Baby Trend. China Life alleges that Baby Trend agreed to hold Lerado harmless for any and all design defects regarding the car seat at issue in the underlying litigation. Further, China Life alleges that Baby Trend was the sole designer of the subject car seat. China Life also alleges that Lerado tendered the defense of the underlying litigation to Baby Trend and requested indemnification. The plaintiff asserts claims for express and implied or equitable indemnification and breach of contract.

II.   LAW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007); *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." *Twombly*, 550 U.S. at 555. The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Id.* at 558. The court assumes as true the factual allegations in the complaint, and it construes all reasonable inferences from those facts in the light most favorable to the non-moving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

Under Nebraska law, in order to recover for a breach of contract, the plaintiff must prove a promise, the breach of that promise, and damages resulting from that breach. *K.M.H. v. Lutheran Gen. Hosp.*, 431 N.W.2d 606, 608 (Neb. 1988). Indemnification is available under Nebraska law when one party is compelled to pay money which in justice another ought to pay or has agreed to pay. *Kuhn v. Wells Fargo Bank of Neb.*, 771 N.W.2d 103, 112 (Neb. 2009). Three types of indemnity are generally recognized: express (or contractual), implied contractual (also known as "implied-in-fact" indemnity), and equitable (also known as "implied-in-law" indemnity). *Id.* at 119–20.

III. DISCUSSION

The Court finds that China Life has met the Federal notice pleading requirements in this for this case. *See Twombly*, 550 U.S. at 555. The complaint clearly alleges that Baby Trend designed the product at issue in the underlying litigation and is responsible for defective design. Further, it alleges that Lerado assigned any claims Lerado may have against Baby Trend to China Life. It alleges, as Lerado's insurer, it settled the Ribiero's claims against Lerado. It also alleges there is a contract of indemnification between the Lerado and Baby Trend. China Life's complaint includes allegations of a promise, breach, and damages. The plaintiff has alleged enough facts, taken as true, to suggest that

3

discovery will reveal the elements of the claims.  More particularity is not required for notice pleading under Rule 8(a) at this pre-discovery stage.

The Court finds, for purposes of this motion, that China Life has set forth facts sufficient to place the defendant on notice of the claims against it, and the Court finds that the allegations state plausible breach of contract and indemnification claims.  Accordingly,

IT IS ORDERED that the defendant's motion to dismiss ([Filing No. 19](Filing No. 19)) is denied.

Dated this 11th day of January 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge